1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THOMAS ROBERT McNEIL,

          Petitioner,

    v.

THE SAN BERNARDINO
COUNTY SHERIFF'S
DEPARTMENT,

          Respondent,

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 15-655 DOC(JC)

ORDER DENYING PETITION FOR A
WRIT OF MANDATE AND
DISMISSING ACTION WITHOUT
PREJUDICE

On April 6, 2015, petitioner Thomas Robert McNeil ("petitioner"), a California prisoner who is proceeding pro se, filed a Petition for a Writ of Mandate ("Petition") with exhibits ("Petition Ex."). Petitioner requests that this Court compel the San Bernardino County Sheriff's Department to provide him with information he has sought under the California Public Records Act (Cal. Govt. Code §§ 6250-6258).[1] (Petition at 1). Petitioner previously sought, and was denied such relief by the California Court of Appeal and the California Supreme

---

[1] Although the Petition is also purportedly predicated on the Freedom of Information Act ("FOIA"), FOIA applies only to federal agencies – not state or local agencies or individuals. See 5 U.S.C. §§ 551(1), 552(f); Dorsey v. Equal Employment Opportunity Commission, 2010 WL 1223185, *2 (S.D. Cal. Mar. 23, 2010) ("FOIA only applies to federal agencies and not private corporations or individuals.") (citation omitted); Collins v. Khoury, 2002 WL 1941150, *1 (N.D. Cal. Aug. 6, 2002) (FOIA "appl[ies] only to federal, not state, agencies.") (citations omitted).

1    Court.  (Petition at 4).

2        Based on the record and the applicable law, the Petition is denied and this

3    action is dismissed without prejudice because this Court does not have jurisdiction

4    to issue a writ of mandamus to compel the defendant – a non-federal entity – to

5    take the action requested by plaintiff.

6        The federal mandamus statute provides:  "The district courts shall have

7    original jurisdiction of any action in the nature of mandamus to compel an officer

8    or employee *of the United States or any agency thereof* to perform a duty owed to

9    the plaintiff."  28 U.S.C. § 1361 (emphasis added).  Federal courts have no

10   jurisdiction or authority to issue mandamus to direct non-federal entities or

11   officials in the performance of their duties.  See Clark v. State of Washington,

12   366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue

13   writs of mandamus to direct state courts or their judicial officers in the

14   performance of their duties . . . ."); Fox v. City of Pasadena, 78 F.2d 948 (9th Cir.

15   1935) (federal district court has no jurisdiction to issue writ of mandamus to

16   compel city officers to perform duties under state law and city charter); see also In

17   re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of

18   mandamus that would order state trial court to give plaintiff access to certain trial

19   transcripts which he sought in preparation for filing state post-conviction petition;

20   federal court may not, as a general rule, issue mandamus to a state judicial officer

21   to control or interfere with state court litigation); Davis v. Pagan, 1996 WL

22   281581, *1 (N.D. Cal. 1996) ("Federal mandamus may not be used to compel a

23   non-federal actor . . . to perform a duty."); Amisub (PSL), Inc. v. State of Colorado

24   Department of Social Services, 879 F.2d 789, 790 n.2 (10th Cir. 1989) (federal

25   mandamus statute's jurisdictional grant does not apply to state officials/agencies),

26   cert. denied, 496 U.S. 935 (1990); Coniston Corp. v. Village of Hoffman Estates,

27   844 F.2d 461, 469 (7th Cir. 1988) (federal court had no jurisdiction to issue

28   mandamus against state officials for violating their duties under state law); Cave v.

1  Beame, 433 F. Supp. 172, 175 (E.D.N.Y. 1977) (denying mandamus relief against

2  city/city official as mandamus does not lie against non-federal actors).

3  Accordingly, a petition which seeks a writ of mandamus to compel a non-federal

4  actor to take action is frivolous as a matter of law.  See Demos v. U.S. District

5  Court, 925 F.2d 1160, 1161-62 (9th Cir.) (as federal court lacks jurisdiction to

6  issue writ of mandamus to state court, petition for writ of mandamus frivolous to

7  extent it seeks to compel state court to take or refrain from some action), cert.

8  denied, 498 U.S. 1123 (1991).

9        Moreover, mandamus is an extraordinary remedy "appropriate only when

10 the [petitioner's] claim is clear and certain and the duty of the officer is ministerial

11 and so plainly prescribed as to be free from doubt . . . " Nova Stylings, Inc. v.

12 Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983) (citations omitted); see also Fallini v.

13 Hodel, 783 F.2d 1343, 1345 (9th Cir.1986) (same).  Without passing on the merits

14 of the question, the Court observes that it is not "clear and certain" that the

15 California Public Records Act requires defendant to answer the questions posed by

16 plaintiff which largely seek narrative responses as opposed to documents.  See Cal.

17 Govt. §§ 6252(a) (defining "public records" to include "any *writing* containing

18 information"), 6252(g) (defining "writing").

19        IT IS THEREFORE ORDERED that the Petition is denied and this action is

20 dismissed without prejudice.  Petitioner's other pending requests are moot and are

21 denied as such.

22

23 DATED:    April 27, 2015

24

25 _____

26 HONORABLE DAVID O. CARTER
   UNITED STATES DISTRICT JUDGE

27

28

3